[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Summit Forest Products, Inc. brought this action against the defendants, Judith A. Raymond and her husband, Ronald A. Raymond to recover damages on an oral agreement concerning tree cutting work done on Mrs. Raymond's property. This agreement was entered into between Mr. Thomas Foster, President of the plaintiff, and Mr. Raymond.
Under the terms of the oral agreement, the plaintiff was to remove trees on the Raymond property and be compensated by permitting the plaintiff to keep whatever lumber and firewood it cut from clearing the land. During the period from on or about December 18, 1987 to on or about February 1, 1988, the plaintiff cleared the land and completed cutting in excess of 65 cords of wood valued of $120.00 per cord or $7,800.00 and further cut approximately 1,666 to 2,000 board feet of suitable hardwood lumber valued at $120.00 per thousand feet or $200.00 and further cut an additional 7,000 board feet of suitable hardwood lumber valued at an approximate average value of $521.74 per thousand feet or $3,652.74 for a total of $11,652.74 in services. Therefore, the plaintiff removed the 9,000 board, feet from the property with the defendants' approval and consent.
On or about February 8, 1988, the plaintiff learned that Mr. Raymond had trucks on the property and were carrying away the plaintiff's lumber and firewood or were otherwise permitting unknown third parties to carry away the plaintiff's lumber and firewood, without its consent or authority. Upon learning of the defendant's activities, Mr. Foster went to the property on Weed Road and observed the aforesaid activities. Despite repeated demands, the defendant, Mr. Raymond, neglected or refused to cease the activities and thereby wrongfully prevented the plaintiff from effecting payment thereby breaching the oral contract.
From the evidence, the court finds that the activities of Mr. Raymond resulted in the appropriation of sixty-five cords of wood with a value of $120.00 per cord or $7,800.00. In view of this fact that Mr. Raymond's action resulted in a breach of an oral contract, no attorneys fees are allowable. The plaintiff is, however, entitled to statutory interest from February 7, 1988 on the $7,800.00 judgment and costs.
The defendant, Ronald A. Raymond filed a counterclaim claiming to have suffered personal injuries, losses and emotional distress on February 7, 1988. He has failed to sustain his burden of proof on this claim. Mr. Raymond testified that he "didn't really have any injuries" CT Page 1432 and Mr. Chambers stated that he interceded before Mr. Foster could hit Mr. Raymond.
As to the second count of the counterclaim of unfair trade practice, the defendant has offered no evidence. Accordingly, judgment may enter for the plaintiff on both counts of the counterclaim.
PICKETT, J.